HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER VOSS, an individual; JENNIFER VOSS, as personal Representative for the Estate of Stacey Young, Jr.; WILLIE and JESSIE MAE YOUNG, as Personal Representatives for the Estate of Stacey Young Sr.; OBEDIAH YOUNG, an individual through his guardian JENNIFER VOSS; and ELIJAH YOUNG, an individual through his guardian JENNIFER VOSS, | Case No. C04-5798 RBL |
| Plaintiffs, | ORDER DENYING MOTION FOR SUMMARY JUDGMENT |
| v. | |
| THE UNITED STATES OF AMERICA; GIFFORD PINCHOT NATIONAL FOREST operated by THE U.S. FOREST SERVICE, a Division of the UNITED STATES DEPARTMENT OF AGRICULTURE, | |
| Defendants. | |

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment [Dkt. #10]. At issue is the application of Washington's Recreational Land Use Statute (WRLUS). The Court has reviewed the memoranda and declarations for and against the motion. For the following reasons, the Court **DENIES** the motion.

FACTS

On June 15, 2002, four members of the Young family traveled to the Gifford Pinchot National Forest (GPNF), where they proceeded to the Lava Canyon recreation site for a family outing. The family

consisted of Stacey Young, Sr., Jennifer Voss, and their two sons, Stacey Jr. (age 5) and Elijah (age 2). After parking the car, the family walked from the picnic area[1] down a paved trail to the banks of the Muddy River, approximately one-half mile away.  Stacey Jr. and Elijah stepped into the river at its side, and threw rocks while mom took pictures.[2]  Stacey Jr. either slipped or fell into the river and was quickly carried away by a swift current.  Stacey Sr. dove into the water in an effort to rescue his son.  Both father and son were swept to their deaths over a waterfall downstream about 50-75 yards from where Stacey Jr. fell into the river.

A lawsuit was filed on behalf of the Estates of Stacey Sr. and Stacey Jr. and the family survivors. The suit alleges that government agencies were negligent for failure to warn of dangerous site conditions and improperly designing visitor walkways.  Defendants ask the Court to dismiss the lawsuit claiming that they are immune from suit pursuant to the Washington Recreational Land Use Statute.

<u>DISCUSSION</u>

A.    <u>Summary Judgment Standard</u>

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

---

[1]The site consisted of restrooms, picnic tables and interpretive signs.

[2]Defendants claim Ms. Voss and Stacey Jr. were standing on a "stream-side rock."  The difference in factual statements is not material to the outcome of this dispute.

B.   <u>The United States is not immune from suit under the Washington State Recreational Land Use Act.</u>

Under Washington State law, both public and private landowners may receive immunity for unintentional injuries to people if the landowner allows the public to use their property for recreational purposes without charging a related fee.  RCW 4.24.210 states in relevant part:

> (1) Except as otherwise provided in subsection (3) or (4) of this Section, any public or private landowners . . . in lawful possession or control of any lands . . . who allow members of the public to use them for outdoor recreation, which term includes but is not limited to . . . picnicking, swimming, hiking . . . viewing or enjoying . . . scenic . . . sites, **without charging a fee of any kind therefore**, shall not be liable for unintentional injuries to such users.

RCW 4.24.210(1) [emphasis added].  As a landowner in Washington State, WRLUS applies to defendant United States.  See *Jones v. United States,* 693 F.2d 1299, 1303 (9th Cir. 1982).

Because immunity is in derogation of common law, Washington courts have determined that "immunity is not favored in the law and that statutory grants of immunity should be strictly construed." *Tennyson v. Plum Creek Timber Co.,* 73 Wash. App. 550, 557, 872 P.2d 524 (1994).

Against this backdrop, the critical question is, as a matter of law, was the Young family charged a fee of any kind for the privilege of recreating at Lava Canyon on June 15, 2002?

Prior to the tragic accident, Mr. Young parked the family car in the Lava Canyon parking lot and filled out a Northwest Forest Pass "Day Pass".  According to instructions, he placed the permit on his vehicle dashboard.  Rather than pay the $5.00 per vehicle fee, Young wrote on the form "Disabled Veteran 70% USMC" and signed the form.

Defendants argue that the fee charged was a parking fee and not a fee for use of the land as contemplated in the WRLUS.  They cite cases which support the view that because people who arrive by other means are charged nothing to recreate, a per vehicle "parking pass" does not constitute a recreational use fee and the statutory immunity survives.  *See Winebrenner v. US,* 389 F. Supp. 2d 716 (D.W.VA. 2005), *Hall v. US*, 2003 WL 1877593, 2:02 cv 00096, at n.2 (W.D.Va. 2003), *Cole v. South Carolina Electric & Gas, Inc.*, 362 S.C. 445, 449-51, *Hanley, et. al. v. State*, 837 A.2d 707, 714 (R.I. 2003), *Majeske v. Jekyll Island State Park Authority,* 209 Ga. App. 118, 119-20, *City of Louisville v. Silcox*, 977 S.W. 2d 254, 257 (Ky. App. 1998).  For the record, the simple logic articulated in these cases offers a

tempting resolution of the case at bar. One flat fee was charged[3] for the Young vehicle without regard to the number of passengers and all others who arrived at the national forest by horseback, bicycle, kayak, canoe or foot paid nothing for access to the land. How is it possible that the "Day Pass" charged only to vehicles entering the parking lot at the Lava Canyon trail head can be anything more than a parking fee that does not jeopardize the landowner's immunity? Clearly, a landowner may charge a fee for something other than use of the land, and still enjoy recreational use immunity. *See Jones v. US*, 693 F.2d 1299 (9th Cir. 1982). Similarly, a landowner can charge a fee for public use of a portion of its recreational land without losing immunity for public use of the remainder. *See Kleer v. US*, 761 F.2d 1492 (11th Cir. 1985).

Despite the logic of the government's argument and the eloquence with which it is delivered, this Court is not convinced that the per vehicle fee charged at Lava Canyon was a parking fee. Jocelyn Biro, Recreation Fee Program Coordinator, testified in deposition that the fees charged at GPNF for a Forest Pass, are levied on a developed-land basis. That is to say, only in places where there is some activity or beneficial use to the visitor constructed and maintained by the government will a fee be charged. (Biro Dep. 26:16-17, Att. A to Plaintiffs' Response Memorandum [Dkt. #13]. GPNF Newsletter, p. 1, Att. K to Plaintiffs' Response). The Forest Service determined by July 13, 2002 that visitors to GPNF would pay for more developed sites and not for less developed sites. Consistent with this rationale, the "thing" visitors traveling in motor vehicles were to purchase at the Lava Canyon trail head in 2002 was called a "Northwest Forest Day Pass". (Biro Dep. 35:11-23) The sign at the site where the fee is charged says nothing about a parking fee. It says:

Daily Fee

Required

$5.00

To Pay Fee:

1. Obtain a fee envelope.

2. Enter Information for all blanks.

3. Detach Stub.

---

[3] The parties agree that whether the fee was in fact paid is irrelevant to our analysis. Demanding a fee for access to the land destroys the immunity. *Plano v. City of Renton*, 103 Wn. App. 910, 915, 114 P.3d 871, 875.

4.  Enclose payment in fee envelope.

5.  Deposit Envelope into fee tube provided.

6.  Display stub on vehicle dashboard, information side up.

Thank you, your fees are making a difference!

Exh. 8 to Biro deposition.

From the evidence provided to the Court it is unclear whether the fee charged is a parking fee or, as its name suggests, is a Day Pass fee for use of the amenities provided by the government.  If it is a Day Pass, immunity would not survive.  It is also far from obvious that the collection of the fee only from motorists on a per vehicle basis conclusively establishes it as a parking fee.  The method of collection may merely reflect the logistical realities of collecting a use fee in a remote area in a cost-effective manner.  It is true that it is the intention of the landowner that determines the nature of the fee.  Defendants offer, as evidence of such intent, a memorandum from management to "All Oregon/Washington Employees" stating in part as to the Northwest Forest Pass that "This is not an entrance fee."  The date of the memorandum is June 12, 2003, approximately one year after the accident which is the subject of this dispute.  Although the memorandum is some evidence of the defendants intent as to the nature of the fee, it does not erase the doubts this Court has about the proper characterization of the $5.00 per day charge.

Based upon the evidence presented to this Court, it is the Court's judgment that there are genuine issues of material fact which are properly directed to a jury as trier-of-fact and summary judgment on the issue of landowner immunity is therefore inappropriate.  Defendants' Motion for Summary Judgment [Dkt. #10] is **DENIED**.

DATED this 30th day of January, 2006.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE